# Exhibit B

# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF TEXAS
TYLER DVISION

| | |
|---|---|
| MARVELL SEMICONDUCTOR, INC.<br>MARVELL ASIA PTE., LTD., and MARVELL<br>INTL., LTD<br>*Plaintiff*<br>v.<br>COMMONWEALTH SCIENTIFIC AND<br>INDUSTRIAL RESEARCH ORGANISATION<br>*Defendant* | Civil Action No. 6-07-204 led<br><br>(If the action is pending in another district, state where:<br>) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
   Sony Electronics, Inc., 555 Madison Avenue, Floor 8 c/o Sony Corpo. of America, New York, NY 10022-3337 by and through its registered agent Corporation Service Company d/b/a CSC-Lawyers Inco, 211 East 7th Street, Suite 620, Ausitn, TX 75601

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:<br>Capshaw DeRieux LLP<br>1127 Judson Road, Suite 200<br>Longview, Texas  75601 | Date and Time:<br>November 30, 2009<br>9:00 am |
|---|---|

The deposition will be recorded by this method:  court reporter

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See attachment A, B, C & D and attached CD

   The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  11/20/2009

　　　　　　　　*CLERK OF COURT*

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　OR  /s/ Calvin Capshaw

　　　　　*Signature of Clerk or Deputy Clerk*　　　　　　　　　　　　　*Attorney's signature*

American LegalNet, Inc.
www.FormsWorkFlow.com

CTH: 11/23/09 @ 08:00am

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Defendant for Commonwealth Scientific Industrial Research Organisation , who issues or requests this subpoena, are:
Calvin Capshaw, 1127 Judson Road Suite 220, Longview, TX  75601
ccapshaw@capshawlaw.com



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER IVISION

Civil Action No. 6-07-204-LED

MARVELL SEMICONDUCTOR, INC., MARVELL ASIA PTE, LTD, and
MARVELL INTL, LTD
VS
COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION

# RETURN

**Came to my hand:** 11/23/2009, at 08:00 o'clock A.M.

- Subpoena to Testify at a Deposition in a Civil Action
- Commonwealth Scientific and Industrial Research Organisation's Notice of Intent to Depose a Representative for Sony Electronics Inc., pursuant to Fed.R.CIV.PRO.30(B)(6)
- Jury Demand

**Executed by me on:** 11/23/2009, at 1:49 o'clock P.M.

**Executed at:** 211 E. 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701
**County of:** TRAVIS

By delivering to, **SONY ELECTRONICS, INC., by delivering to its registered agént, CORPORATION SERVICE COMPANY dba CSC-LAWYERS INCORPORATING SERVICE COMPANY by delivering to authorized agent,** GLORIA HUDSON in person, a true copy of the above specified subpoena and witness tender $40.00.

I am over the age of 18, not a party to nor interested in the outcome of the above styled and numbered suit ; and I certify that the facts of service reported herein are true and correct.

*[signature]*

Authorized Person: MATTHEW MURSKI
600 SABINE ST. #100, AUSTIN, TX 78701

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for* Producing *Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MARVELL SEMICONDUCTOR, INC. MARVELL ASIA PTE., LTD., and MARVELL INTL., LTD, <br><br>             Plaintiffs and Counterdefendants, <br><br> v. <br><br> COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION, <br><br>             Defendant and Counterclaimant. | § § § § § § § § § § § § § § § | Civil Action No. 6-07-CV-204 LED <br><br> **Jury Trial Demanded** |

### COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION'S NOTICE OF INTENT TO DEPOSE A REPRESENTATIVE FOR SONY ELECTRONICS, INC. PURSUANT TO FED. R. CIV. PRO. 30(B)(6)

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Commonwealth Scientific and Industrial Research Organisation will take the deposition upon oral examination of Sony Electronics, Inc., 555 Madison Ave., Floor 8 c/o Sony Corp. of America, New York, NY 10022-3337, commencing on Monday, November 30, 2009, at 9:00 a.m. Sony Electronics, Inc. can be served through its registered agent for service of process Corporation Service Company d/b/a CSC – Lawyers Inco, 211 E. 7th Street, Wuite 620, Austin Texas 78701. The deposition will be conducted at the offices of Capshaw DeRieux LLP at 1127 Judson Road, Suite 200, Longview, Texas 75601, or other such place as agreed upon by the parties. Sony Electronics, Inc. is directed to designate and produce one or more of its officers, directors, managing agents, or other designated persons to testify on its behalf as to the information known or reasonably available to Sony Electronics, Inc. concerning the matters set forth in ATTACHMENT A.

This is an independent Rule 30(b)(6) notice that does not supersede, modify, or affect in any manner other Rule 30(b)(6) notices that have been served during this litigation.

The deposition will be recorded stenographically before a notary Public or other officer authorized to administer oaths, and shall continue day-to-day, excluding weekends and holidays, until completed.

DATED: November 23, 2009          Respectfully submitted,

By: /s/ S. Calvin Capshaw
    S. Calvin Capshaw
    State Bar No. 03783900
    ccapshaw@capshawlaw.com
    Elizabeth L. DeRieux
    State Bar No. 05770585
    ederieux@capshawlaw.com
    D. Jeffrey Rambin
    State Bar No. 00791478
    jrambin@capshawlaw.com
    Capshaw DeRieux, L.L.P.
    1127 Judson Road, Suite 220
    Longview, Texas 75601
    Telephone: (903) 236-9800
    Facsimile: (903) 236-8787

    Attorneys for Defendant,
    COMMONWEALTH SCIENTIFIC AND
    INDUSTRIAL RESEARCH ORGANISATION

### CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served the 23rd day November, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3), or to the extent not available in that manner, counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ S. Calvin Capshaw
S. Calvin Capshaw

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MARVELL SEMICONDUCTOR, INC. MARVELL ASIA PTE., LTD., and MARVELL INTL., LTD, <br><br>        Plaintiffs and Counterdefendants, <br><br> v. <br><br> COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION, <br><br>        Defendant and Counterclaimant. | § § § § § § § § § § § § § § § § | Civil Action No. 6-07-CV-204 LED <br><br> **Jury Trial Demanded** |

## ATTACHMENT A

Definitions

The following terms and definitions shall apply to this Notice:

1) "And" as used herein shall mean and/or;

2) "Identification," "identify," or "identify," when used with reference to:

    a. An individual person means to state his or her full name, present or last known employer, job title, present or last known residential address and telephone number, and present or last known business address and telephone number;

    b. A business entity means to state the full name and address of the entity and the names and positions of the individual or individuals connected with such entity who have knowledge of the information requested; and

    c. A document means to state the type of document (letter, report, fact sheet, etc.); its date, author(s) or originator(s), addressees; all individuals who received copies of the document; the identity of the persons known or presumed by you to have

       present possession, custody, or control thereof; and a brief description of the subject matter and present location;

3) "Person" or "people" shall refer to any natural person, firm association, partnership, corporation, group, organization, or other form of legal business entity.

4) "You " or "your" means Sony Electronics, Inc. and includes any officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, foreign or domestic subsidiaries, parents, affiliates, divisions, successors, predecessors, and any other related entities, and specifically includes all assets or companies that have been acquired by Defendant or with respect to which it has succeeded to rights and/or obligations.

<u>Sony Electronics, Inc. 30(b)(6) Deposition Topics</u>

I.  The documents, records, reports, and things contained in ATTACHMENT B and videos contained in ATTACHMENT C, (collectively referred to as "Material at Issue") including:

   A.  The identification of the Material at Issue;

   B.  Confirmation or denial that the Material at Issue is or was publicly available on your website;

   C.  Confirmation or denial that Material at Issue was placed on the web by you;

   D.  Confirmation or denial that the originals of the Material at Issue are within your "possession, custody or control" under Fed.R.Civ.P. 26(a)(1)(A)(ii);

   E.  Confirmation or denial that the Material at Issue was *made* in the regular course of your business;

   F.  Confirmation or denial that the Material at Issue was *kept* in the regular course of your business;

   G.  Confirmation or denial that the Material at Issue was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

   H.  Confirmation or denial that the entries on or contained in the Material at Issue were made at or near the time of the act, event, statement, information, or transaction recorded or reflected in the Material at Issue;

   I.  Confirmation or denial that it was in the regular course of your business for a person with knowledge of the acts, events, statements, conditions, or opinions recorded or reflected in or on the Material at Issue to make or record or transmit the information to be included in the Material at Issue; and

   J.  Discussion, exploration, explanation, or investigation of the items above if the answers are anything other than a whole and unqualified confirmation, and to the extent that such answers are required, the documents, reports, videos, and other materials will be referred to separately as needed.

II. Confirm the identity of the following corporate officers:

   A.  Howard Stringer;

    1) Ryoji Chubachi; and

    2) Kazuo Hirai.

III.    Confirm statements attributed to you in the article(s) in ATTACHMENT D.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MARVELL SEMICONDUCTOR, INC. MARVELL ASIA PTE., LTD., and MARVELL INTL., LTD, <br><br>      Plaintiffs and Counterdefendants, <br><br>v. <br><br>COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION, <br><br>      Defendant and Counterclaimant. | Civil Action No. 6-07-CV-204 LED <br><br>**Jury Trial Demanded** |

## ATTACHMENT B

See documents contained on CD which is attached.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MARVELL SEMICONDUCTOR, INC. MARVELL ASIA PTE., LTD., and MARVELL INTL., LTD, <br><br>   Plaintiffs and Counterdefendants, <br><br>   v. <br><br> COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION, <br><br>   Defendant and Counterclaimant. | § § § § § § § § § § § § § § § <br><br> Civil Action No. 6-07-CV-204 LED <br><br> **Jury Trial Demanded** |

## ATTACHMENT C

**See video(s) contained on CD which is attached.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MARVELL SEMICONDUCTOR, INC. MARVELL ASIA PTE., LTD., and MARVELL INTL., LTD, <br><br>     Plaintiffs and Counterdefendants, <br><br> v. <br><br> COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION, <br><br>     Defendant and Counterclaimant. | § § § § § § § § § § § § § § § § <br><br> Civil Action No. 6-07-CV-204 LED <br><br> **Jury Trial Demanded** |

**ATTACHMENT D**

**See article(s) contained on CD which is attached.**