# Exhibit F



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
402 W. BROADWAY, SUITE 2100
SAN DIEGO, CA 92101-3542
619.234.6655 TEL
619.234.3510 FAX
foley.com

November 30, 2009

WRITER'S DIRECT LINE
619.685.4636
amuranaka@foley.com EMAIL

CLIENT/MATTER NUMBER
999999.9999

VIA E-MAIL AND U.S. MAIL

Mr. Calvin Capshaw
Capshaw DeRieux LLP
1127 Judson Road, Suite 220
Longview, TX 75601

Re: *Marvell Semiconductor, Inc., et al. v. Commonwealth Scientifc and Industrial Research Organisation*, Civil Action No. 6-07-CV-204 LED (E.D. Tex.)

Dear Mr. Capshaw:

Please be advised that this firm represents Sony Electronics Inc. ("Sony"). We are in receipt of a deposition subpoena directed to Sony (the "Subpoena"), issued on behalf of Commonwealth Scientific and Industrial Research Organization ("Commonwealth") in the litigation referenced above. The Subpoena, is dated November 20, 2009, and purports to have been served on November 23, 2009. The Subpoena recites a deposition date of November 30, 2009.

Pursuant to Federal Rule of Civil Procedure 45(c), Sony objects to the Subpoena on the following grounds:

1.  Sony objects to the Subpoena as procedurally defective because it requires Sony to attend a deposition more than 100 miles from its place of business in violation of Federal Rule of Civil Procedure 45(c)(3)(A)(ii). *Roller Bearing Co. of America, Inc. v. Am. Software, Inc.*, 570 F.Supp.2d 376, 389 (D.Conn. 2008) ("A court cannot require a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business to appear before it.").

2.  Sony objects to the Subpoena as procedurally defective because it is issued from the incorrect court. Sony is located in the Southern District of California. The Subpoena was issued from the Eastern District of Texas which lacks jurisdiction to compel Sony's compliance with the Subpoena and thus, the Subpoena is void on its face. *Gipson v. Wells Fargo Bank, N.A.*, 239 F.R.D. 280, 281 (D.D.C. 2006) (court lacked jurisdiction to issue subpoena for non-party deponent not located within 100 miles of court); *Smith v. BIC Corp.*, 121 F.R.D. 235, 245 (E.D. Pa. 1988) (subpoena served on non-party witness who lived more than 100 miles from where deposition was to be conducted was a legal nullity).

BOSTON           JACKSONVILLE    MILWAUKEE     SAN DIEGO          SILICON VALLEY
BRUSSELS         LOS ANGELES     NEW YORK      SAN DIEGO/DEL MAR  TALLAHASSEE
CHICAGO          MADISON         ORLANDO       SAN FRANCISCO      TAMPA
DETROIT          MIAMI           SACRAMENTO    SHANGHAI           TOKYO
                                                                  WASHINGTON, D.C.

SDCA_1565881.2


FOLEY & LARDNER LLP

Mr. Calvin Capshaw
November 30, 2009
Page 2

3. Sony objects to the Subpoena to the extent that it seeks information protected by the attorney-client privilege, the work-product privilege or any other applicable privilege.

4. Sony objects to the Subpoena as overly broad and impermissibly vague. *See Mattel Inc. v. Walking Mountain Productions*, 353 F.3d 792, 813 (9th Cir. 2003) (quashing subpoena where "no attempt had been made to try to tailor the information request to the immediate needs of the case.").

5. Sony objects to the Subpoena as unduly burdensome and on the grounds that compliance with its terms will cause Sony undue expense. Fed. R. Civ. Proc. 45(c)(1) ("A party or attorney . . . must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). Compliance with the subpoena would require a significant expenditure of Sony's funds and time to review the voluminous amount of information included on the CD provided to Sony and to confirm the information set forth in Attachment A. The cost and time associated with such a review would unduly burden Sony.

6. Sony objects to the Subpoena to the extent that it calls for the review of "all" the documents included on the CD provided to Sony as overly broad, burdensome, oppressive and harassing. Sony is not a party to the above entitled litigation. Much of the information requested from Sony can be obtained more readily from an alternative source (i.e. the documents are publicly available and verifiable).

7. Sony objects to the Subpoena to the extent that it purports to call for the review of documents not within Sony's possession, custody, or control. *See Ariel v. Jones*, 693 F.2d 1058, (11th Cir. 1982) (holding that party had no obligation to produce documents stored in one state based upon the service of one of its agents in another state.).

8. Sony objects to the Subpoena on the grounds that it provides an unreasonably short time to respond, in that the Subpoena purports to direct a deposition on November 30, 2009, only a week after the service of the subpoena. Fed. R. Civ. Proc. 45(c)(3)(A)(i) (subpoena must be quashed if it "fails to allow a reasonable time to comply."). The Subpoena's deposition topics are very broad and would require Sony to review the voluminous amount of information transmitted to Sony. This process would take longer than the seven days provided for in the Subpoena.

9. Sony objects to each and every deposition topic to the extent that it calls for and seeks a conclusion of law.

10. Sony objects to the Subpoena to the extent that it seeks deposition testimony concerning documents which are already in the possession of Commonwealth and



FOLEY & LARDNER LLP

Mr. Calvin Capshaw
November 30, 2009
Page 3

      which Commonwealth could therefore, determine the requested information from, at equal or less burden than to Sony.

11. Sony objects to the Subpoena to the extent that it purports to impose obligations on Sony beyond those set forth in, or that exceed the scope of discovery permitted under, the Federal Rules of Civil Procedure or any other rules applicable to this action.

12. Sony objects to the Subpoena to the extent that it seeks deposition testimony concerning topics that do not concern the subject matter of action, and to the extent that it calls for deposition testimony which is irrelevant, immaterial, not reasonably calculated to lead to the discovery of admissible evidence or not germane to any claim or defense in this action.

13. Sony objects to the Subpoena to the extent it seeks information which is "a trade secret or other confidential research, development, or commercial information." Fed R. Civ. Proc. 45(c)(3)(B)(i).

14. Sony objects to the Subpoena to the extent it seeks information protected by Sony and other's right of privacy.

15. Sony objections and responses are made without in any waiving: (i) the right to object on the grounds of competency, relevance, materiality, hearsay or any other proper ground in any subsequent stage or proceeding in this or any other action; (ii) the right to object on any and all grounds, at any time, to any discovery procedure relating to the subject matter of this action, or (iii) the right to assert the protections afforded by the attorney-client privilege, the work-product doctrine, or any other right or privilege.

In light of the foregoing objections, Sony will not attend the deposition scheduled for November 30, 2009. Nonetheless, Sony would be willing to discuss a less burdensome response to the topics set forth in your Subpoena. If you have any questions please feel free to contact me directly.

                                               Best regards,

                                               Aaron M. Muranaka