# Exhibit L

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

MARVELL SEMICONDUCTOR,       )
INC., MARVELL ASIA PTE,      )
LTD., and MARVELL INTL,      )
LTD.                         )
                             )
      Plaintiffs and         )
      Counterdefendants      ) CIVIL ACTION
                             )
VS.                          ) NO. 6-07-CV-204 LED
                             )
COMMONWEALTH SCIENTIFIC      )
AND INDUSTRIAL RESEARCH      )
ORGANISATION,                )
                             )
      Defendant and          )
      Counterclaimant.       )

-------------------------------------

CERTIFICATE OF NONAPPEARANCE

REPRESENTATIVE FOR SONY ELECTRONICS, INC.

JANUARY 28, 2010

-------------------------------------

Reported by:  Jan Newman Carter
              Job No. 83137

**ORIGINAL**
Sunbelt Reporting & Litigation Services

DALLAS/FORT WORTH
15150 Preston, Ste. 300
Dallas, Texas 75248
214•747•0763

CORPORATE OFFICE
6575 West Loop South, Ste. 580
Houston / Bellaire, Texas 77401
713•667•0763

SAN ANTONIO
8000 IH-10 West, Ste. 1500
San Antonio, Texas 78230
210•342•0763

CORPUS CHRISTI
711 N. Carancahua, Ste. 700
Corpus Christi, Texas 78475
361•882•0763

AUSTIN
6448 Hwy. 290 E, Ste. E105
Austin, Texas 78723
512•465•9100

EAST TEXAS
102 North College, Ste. 1014
Tyler, Texas 75702
903•593•3213

1•800•666•0763 • www.sunbeltreporting.com

CERTIFICATE OF NONAPPEARANCE

1                    A P P E A R A N C E S

2

3   FOR COMMONWEALTH SCIENTIFIC AND
    INDUSTRIAL RESEARCH ORGANISATION:

4
         JESSICA L. HANNAH (BY TELEPHONE)
5        CAPSHAW & DERIEUX, LLP
         THE ENERGY CENTRE
6        1127 JUDSON ROAD, SUITE 220
         LONGVIEW, TEXAS  75601
7        (903) 236-9800

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CERTIFICATE OF NONAPPEARANCE

1        I, Jan Newman Carter, a Certified Shorthand

2   Reporter in and for the State of Texas, certify:

3        That I appeared at the Anderson County Courthouse

4   Annex, 703 N. Mallard, Room 103B, Palestine, Texas, on

5   January 28, 2010, to report the deposition of a

6   Representative for Sony Electronics, Inc., pursuant to

7   Rule 30(b)(6) of the Federal Rules of Civil Procedure

8   scheduled for 1:00 p.m.

9        That by 1:25 p.m., a Representative for Sony

10  Electronics, Inc., had not appeared for their

11  deposition. Present for the deposition were:

12       JESSICA L. HANNAH

13       I further certify that I am neither employed nor

14  related to any attorney or party in this matter and have

15  no interest, financial or otherwise, in its outcome.

16       Given under my hand and seal of office on this the

17  3rd day of February, 2010.

18

19

20

21                    _____
                      Jan Newman Carter, Texas CSR 6062
22                    Expiration Date:  12/31/10
                      Sunbelt Reporting & Litigation
23                    East Texas Branch
                      102 N. College, Suite 1014
24                    Tyler, Texas  75703
                      (903) 593-3213

25

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Texas

| | |
|---|---|
| MARVELL SEMICONDUCTOR, INC., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   6:07-cv-204 LED |
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL | ) |
| RESEARCH ORGANISATION | ) (If the action is pending in another district, state where: |
| *Defendant* | )                                                          ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Sony Electronics, Inc., c/o Sony Corp. of America, 555 Madison Ave., New York, NY 10022, which can be served
at CSC - Lawyers Inco., 211 E. 7th Street #620, Austin, Texas 78701

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a
deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate
one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf
about the following matters, or those set forth in an attachment:

| Place: The Anderson County Courthouse Annex, 703 N. Mallard #103B, Palestine, Texas 75801 or other location as agreed by the parties | Date and Time:  01/28/2010 1:00 pm or other date/time as agreed by parties |
|---|---|

The deposition will be recorded by this method: __stenographically transcribed by a court reporter__

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents,
electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date: __01/21/2010__

*CLERK OF COURT*

OR

_____         _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Commonwealth Scientific
__and Industrial Research Organisation_____ , who issues or requests this subpoena, are:
Jessica L. Hannah, Capshaw DeRieux LLP, 1127 Judson Road #220, Longview, Texas 75601
jhannah@capshawlaw.com, 903-233-4823



Sony Electronic
EXHIBIT NO. 1
1/28/10 gmc
Sunbelt Reporting & Litigation Services

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  6:07-cv-204 LED

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* STEVE R HALL CIVIL PROCESS SERVER
was received by me on *(date)* 1-21-10 AT 2:05 PM

☒ I served the subpoena by delivering a copy to the named individual as follows: SONY ELECTRONICS INC.
C/O SONY CORP. OF AMERICA DELIVERED TO REGISTERED AGENT CSC-LAWYERS INCO.
211 E 7TH STREET AUSTIN, TEXAS               on *(date)* 1-21-10 AT 3:20 PM
☐ I returned the subpoena unexecuted because:  DELIVERED TO SUE VERTREES CUSTOMER SERVICE LEADER

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$    NONE

My fees are $   RUSH 80.00        for travel and $                  for services, for a total of $    0.00

I declare under penalty of perjury that this information is true.

Date: 1-21-10               _Steve R Hall_
                                    Server's signature

                            STEVE R HALL
                                    Printed name and title

                            3300 BEE CAVE RD #650
                            AUSTIN, TEXAS 78746
                                    Server's address

Additional information regarding attempted service, etc:



AVERY®
PV119G



MARVELL V. CSIRO
C.A. NO. 6:07-CV-204(LED)

SONY DOCUMENTS
ATTACHMENTS B, C AND D

Sony Electronics
EXHIBIT NO. 2
1/28/10  cmc
Sunbelt Reporting & Litigation Services

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MARVELL SEMICONDUCTOR, INC. MARVELL ASIA PTE., LTD., and MARVELL INTL., LTD, | § § § § | |
| Plaintiffs and Counterdefendants, | § § § § | Civil Action No. 6-07-CV-204 LED |
| v. | § § § | **Jury Trial Demanded** |
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION, | § § § § | |
| Defendant and Counterclaimant. | § § § | |

**COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION'S NOTICE OF INTENT TO DEPOSE A REPRESENTATIVE FOR SONY ELECTRONICS, INC. PURSUANT TO FED. R. CIV. PRO. 30(B)(6)**

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, Plaintiff Commonwealth Scientific and Industrial Research Organisation will take the

deposition upon oral examination of Sony Electronics, Inc., 555 Madison Ave., Floor 8 c/o Sony

Corp. of America, New York, NY 10022-3337, commencing on Thursday, January 28, 2010, at

9:00 a.m. or other date and time as agreed by the parties. Sony Electronics, Inc. can be served

through its registered agent for service of process Corporation Service Company d/b/a CSC –

Lawyers Inco, 211 E. 7th Street, Suite 620, Austin Texas 78701. This notice is a continuation of,

and adds no new substance to, the notice served on Friday, November 20, 2009, in order to

accommodate Sony Electronics Inc.'s request for a more convenient location. The deposition

will be conducted at Anderson County Courthouse Annex, 703 N. Mallard #103B, Palestine,

Texas 75801, or other such place as agreed upon by the parties. Sony Electronics, Inc. is

directed to designate and produce one or more of its officers, directors, managing agents, or other

designated persons to testify on its behalf as to the information known or reasonably available to Sony Electronics, Inc. concerning the matters set forth in ATTACHMENT A.

This is an independent Rule 30(b)(6) notice that does not supersede, modify, or affect in any manner other Rule 30(b)(6) notices that have been served during this litigation.

The deposition will be recorded stenographically before a notary Public or other officer authorized to administer oaths, and shall continue day-to-day, excluding weekends and holidays, until completed.

DATED:  January 21, 2010   Respectfully submitted,

By:  /s/ Jessica L. Hannah
      S. Calvin Capshaw
      State Bar No. 03783900
      Elizabeth L. DeRieux
      State Bar No. 05770585
      D. Jeffrey Rambin
      State Bar No. 00791478
      Jessica L. Hannah
      CA State Bar No. 261802
      Capshaw DeRieux, LLP
      1127 Judson Rd., Suite 220
      Longview, Texas 75601
      Telephone: (903) 236-9800
      Facsimile: (903) 236-8787
      E-mail: ccapshaw@capshawlaw.com
      E-mail: ederieux@capshawlaw.com
      E-mail: jrambin@capshawlaw.com
      E-mail: jhannah@capshawlaw.com

      **Attorneys for Defendant,**
      **COMMONWEALTH SCIENTIFIC AND**
      **INDUSTRIAL RESEARCH ORGANISATION**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served the 21st day January, 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3), or to the extent not available in that manner, counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Jessica L. Hannah
Jessica L. Hannah

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

MARVELL SEMICONDUCTOR, INC.
MARVELL ASIA PTE., LTD., and MARVELL
INTL., LTD,

          Plaintiffs and
          Counterdefendants,

       v.

COMMONWEALTH SCIENTIFIC AND
INDUSTRIAL RESEARCH ORGANISATION,

          Defendant and
          Counterclaimant.

§
§
§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No. 6-07-CV-204 LED

**Jury Trial Demanded**

## ATTACHMENT A

### Definitions

The following terms and definitions shall apply to this Notice:

1) "And" as used herein shall mean and/or;

2) "Identification," "identify," or "identify," when used with reference to:

    a.  An individual person means to state his or her full name, present or last known

          employer, job title, present or last known residential address and telephone

          number, and present or last known business address and telephone number;

    b.  A business entity means to state the full name and address of the entity and the

          names and positions of the individual or individuals connected with such entity

          who have knowledge of the information requested; and

    c.  A document means to state the type of document (letter, report, fact sheet, etc.);

          its date, author(s) or originator(s), addressees; all individuals who received copies

          of the document; the identity of the persons known or presumed by you to have

present possession, custody, or control thereof; and a brief description of the subject matter and present location;

3) "Person" or "people" shall refer to any natural person, firm association, partnership, corporation, group, organization, or other form of legal business entity.

4) "You " or "your" means Sony Electronics, Inc. and includes any officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, foreign or domestic subsidiaries, parents, affiliates, divisions, successors, predecessors, and any other related entities, and specifically includes all assets or companies that have been acquired by Defendant or with respect to which it has succeeded to rights and/or obligations.

<u>Sony Electronics, Inc. 30(b)(6) Deposition Topics</u>

I.    The documents, records, reports, and things contained in ATTACHMENT B and videos contained in ATTACHMENT D, (collectively referred to as "Material at Issue") including:

    A.  The identification of the Material at Issue;

    B.  Confirmation or denial that the Material at Issue is or was publicly available on your website;

    C.  Confirmation or denial that Material at Issue was placed on the web by you;

    D.  Confirmation or denial that the originals of the Material at Issue are within your "possession, custody or control" under Fed.R.Civ.P. 26(a)(1)(A)(ii);

    E.  Confirmation or denial that the Material at Issue was *made* in the regular course of your business;

    F.  Confirmation or denial that the Material at Issue was *kept* in the regular course of your business;

    G.  Confirmation or denial that the Material at Issue was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

    H.  Confirmation or denial that the entries on or contained in the Material at Issue were made at or near the time of the act, event, statement, information, or transaction recorded or reflected in the Material at Issue;

    I.  Confirmation or denial that it was in the regular course of your business for a person with knowledge of the acts, events, statements, conditions, or opinions recorded or reflected in or on the Material at Issue to make or record or transmit the information to be included in the Material at Issue; and

    J.  Discussion, exploration, explanation, or investigation of the items above if the answers are anything other than a whole and unqualified confirmation, and to the extent that such answers are required, the documents, reports, videos, and other materials will be referred to separately as needed.

II.    Confirm the identity of the following corporate officers:

    A.  Howard Stringer;

    1) Ryoji Chubachi; and

    2) Kazuo Hirai.

III.    Confirm statements attributed to you in the article(s) in ATTACHMENT C.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

MARVELL SEMICONDUCTOR, INC.
MARVELL ASIA PTE., LTD., and MARVELL
INTL., LTD,

        Plaintiffs and
        Counterdefendants,

      v.

COMMONWEALTH SCIENTIFIC AND
INDUSTRIAL RESEARCH ORGANISATION,

        Defendant and
        Counterclaimant.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No. 6-07-CV-204 LED

**Jury Trial Demanded**

## ATTACHMENT B

See file(s) contained on CD which was served on November 20, 2009.

A second copy will be sent via FedEx.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

### TYLER DIVISION

|  |  |
|---|---|
| MARVELL SEMICONDUCTOR, INC. MARVELL ASIA PTE., LTD., and MARVELL INTL., LTD,<br><br>Plaintiffs and Counterdefendants,<br><br>v.<br><br>COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION,<br><br>Defendant and Counterclaimant. | § § § § § § § § § § § § § § § § |

Civil Action No. 6-07-CV-204 LED

**Jury Trial Demanded**

## <u>ATTACHMENT C</u>

**See file(s) contained on CD which was served on November 20, 2009.**

**A second copy will be sent via FedEx.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

MARVELL SEMICONDUCTOR, INC.
MARVELL ASIA PTE., LTD., and MARVELL
INTL., LTD,

        Plaintiffs and
        Counterdefendants,

        v.

COMMONWEALTH SCIENTIFIC AND
INDUSTRIAL RESEARCH ORGANISATION,

        Defendant and
        Counterclaimant.

Civil Action No. 6-07-CV-204 LED

**Jury Trial Demanded**

## ATTACHMENT D

**See file(s) contained on CD which was served on November 20, 2009.**

**A second copy will be sent via FedEx.**

**Jessica Hannah**

| | |
|---|---|
| From: | Muranaka, Aaron M. [AMuranaka@foley.com] |
| Sent: | Monday, January 25, 2010 7:34 PM |
| To: | Jessica Hannah |
| Cc: | Fuller, Chad R.; ronald.wasinger@am.sony.com |
| Subject: | Sony's Objections to 1/21/2010 Marvell v. CSIRO Subpoena |
| Attachments: | Sony's Objections to Jan. 21, 2010 Marvel v. CSIRO Subpoena.pdf |

| | |
|---|---|
| Follow Up Flag: | Follow up |
| Flag Status: | Flagged |

| | |
|---|---|
| Categories: | Marvell v CSIRO 607cv204 1020.006 |

<<Sony's Objections to Jan. 21, 2010 Marvel v. CSIRO Subpoena.pdf>>
Dear Ms. Hannah,

Please find attached Sony Electronic Inc.'s objections to the January 21, 2010 deposition served on it in the matter entitled *Marvell Semiconductor, Inc. et al. v. Commonwealth Scientific and Industrial Research Organisation.*

Please feel free to contact me directly if you have any questions or concerns.

Best Regards,

Aaron

**Aaron M. Muranaka**
Foley & Lardner LLP ▪ 402 W. Broadway, Suite 2100 ▪ San Diego, CA 92101 ▪ 619.234.6655

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

--
This email was Anti Virus checked by Astaro Security Gateway. http://www.astaro.com





**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

402 W. BROADWAY, SUITE 2100
SAN DIEGO, CA 92101-3542
619.234.6655 TEL
619.234.3510 FAX
foley.com

WRITER'S DIRECT LINE
619.685.4636
amuranaka@foley.com EMAIL

CLIENT/MATTER NUMBER
999999-9999

January 25, 2010

<u>VIA E-MAIL AND U.S. MAIL</u>

Jessica L. Hannah
Capshaw DeRieux LLP
1127 Judson Road, Suite 220
Longview, TX 75601

Re:   *Marvell Semiconductor, Inc., et al. v. Commonwealth Scientific
      and Industrial Research Organization*, Civil Action No. 6-07-
      CV-204 LED (E.D. Tex.)

Dear Ms. Hannah:

This firm represents Sony Electronics Inc. ("Sony"). On January 21, 2010, Sony's agent for service of process in Austin, Texas was served with a deposition subpoena (the "Subpoena"), issued by Capshaw DeRieux LLP on behalf of Commonwealth Scientific and Industrial Research Organization ("CSIRO") in the litigation referenced above. The Subpoena is dated January 21, 2010 and recites a deposition date of January 28, 2010.

The Subpoena is the second deposition notice Sony has received from your firm regarding this matter. The first deposition notice was dated November 20, 2009 and recited a deposition date of November 30, 2009 (the "Notice").

On November 30, 2009, Sony sent a letter to your firm objecting to the Notice. Over a week later, on December 9, 2009, Jeff Rambin from your firm contacted me by telephone. Mr. Rambin told me that the discovery deadline in this matter was December 10, 2009, that the parties were conferring regarding extending the discovery deadline to January 21, 2010 and that he would like to meet and confer with me regarding Sony's objections in case it was necessary to file a motion to compel.

On December 10, 2009, Mr. Rambin sent me an email indicating that the parties had agreed to extend the discovery deadline in this matter to January 21, 2009. Mr. Rambin then asked to "touch base tomorrow about how to proceed." That same day, I replied that I would be available to discuss the Notice on Friday, December 11, 2009 or Monday. December 14, 2009.

I did not hear from Mr. Rambin until over a month later. On January 19, 2009, Mr. Rambin e-mailed me to see if I would be available for a call regarding the Notice the next day. On January 20, 2009, I spoke to Mr. Rambin and Mr. Michael Ng of Kerr & Wagstaffe LLP regarding the Notice. During the phone call, I explained that Sony would not respond to the subpoena based on its objections. In particular, I emphasized that Sony could not respond before the discovery deadline passed and that Sony considered this issue particularly relevant in light of the fact that Mr. Rambin

BOSTON          JACKSONVILLE     MILWAUKEE      SAN DIEGO            SILICON VALLEY
BRUSSELS         LOS ANGELES      NEW YORK       SAN DIEGO/DEL MAR    TALLAHASSEE
CHICAGO          MADISON          ORLANDO        SAN FRANCISCO        TAMPA
DETROIT          MIAMI            SACRAMENTO     SHANGHAI             TOKYO
                                                                     WASHINGTON, D.C.



**FOLEY & LARDNER LLP**

Ms. Jessica L. Hannah
January 25, 2010
Page 2

had waited over a month to contact it, and did so only two days before the discovery deadline; that the Notice was procedurally defective because it set a deposition more than 100 miles from Sony's place of business; that the Notice was issued from the improper court and that Sony would only reply to a subpoena issued from the Southern District of California; and that the Notice was unduly burdensome due to the fact that it sought authentication of documents in Sony Corporation of Japan and Sony Corporation of America's control.

Despite these objections and in an attempt to compromise, Mr. Rambin and I agreed to limit the Notice in three ways: (1) to allow authentication by declaration; (2) to limit the authentication to documents obtained from Sony; (3) and to limit the authentication request to no more than 100 documents. I told Mr. Rambin that I would take this offer to Sony and Mr. Rambin informed me that he would check with his client to determine if the offer was acceptable.

I communicated the offer to compromise to Sony. On January 21, 2010, I emailed Mr. Rambin telling him that Sony would need additional questions answered before it could makes its decision. I also informed Mr. Rambin that the individual at Sony who would make the final decision had been out of town and would not be able to make a decision until the following week.

Mr. Rambin never contacted me. Instead, on January 21, 2010 your firm served the Subpoena on Sony. The Subpoena appears to be nearly identical to the Notice. The primary difference between the Notice and Subpoena is that in addition to listing a new place and time for the deposition it also states that the location, date, time and location of the deposition can be agreed to by the parties. The Subpoena also states that "this notice is a continuation of, and adds no new substance to, the notice served on Friday, November 20, 2009, in order to accommodate Sony Electronic Inc.'s requests for a more convenient location." However, I never stated that Sony sought a more convenient location for the deposition. Instead, I explained that the Subpoena was procedurally defective on its face because it set the deposition location more than 100 miles from Sony's place of business and was issued from the incorrect court.

CSIRO's offer to agree to a more convenient location does not cure these deficiencies because the Notice was a legal nullity with no effect. *Smith v. BIC Corp.*, 121 F.R.D. 235, 245 (E.D. Penn. 1988). In *Smith*, the defendant, BIC USA served a deposition subpoena on a nonparty, Dr. Geremia. The subpoena was quashed because Dr. Geremia lived more than 100 miles from the place where BIC USA proposed to conduct his deposition. *Id.* at 238. On appeal the defendant argued that the subpoena should not have been quashed because it "was willing to depose Dr. Geremia at a mutually agreeable location which would comply with the [Federal Rules of Civil Procedure]." *Id.* at 245. The Court expressly rejected this argument explaining that:

> BIC USA ignores the fact that, as a practical matter, the subpoena it served upon Dr. Geremia was a nullity given [the Federal Rule of Civil Procedure's requirement that a deposition be conducted within 100 miles of where the deponent lives]. If BIC USA intended to depose Dr.



**FOLEY & LARDNER LLP**

Ms. Jessica L. Hannah
January 25, 2010
Page 3

> Geremia at a location which complied with [the Federal Rules of Civil
> Procedure], it would not have been able to seek the issuance of a
> subpoena from the Clerk of this Court, since the deposition would not
> be taken within the confines of this District. Based on the record
> before us, it appears that the proper procedure would have been for
> BIC USA to seek, pursuant to [the Federal Rules of Civil Procedure],
> the issuance of a subpoena from the Clerk of Court for the United
> States District Court for the District of Maryland. Regardless of where
> it could have sought a proper subpoena, BIC USA could not have
> forced Dr. Geremia to appear for a deposition anywhere in this District
> based on a subpoena issued by this Court.

*Id.* at 245. Similarly, CSIRO's offer to hold the deposition at a location at a date, time and place the parties agree to does not remedy the Notice's procedural defects.

In addition, pursuant to Federal Rule of Civil Procedure 45(c) Sony reasserts its objections to the Notice and objects to the Subpoena on the following grounds:

1. Sony objects to the Subpoena as procedurally defective because it requires Sony to attend a deposition more than 100 miles from its place of business in violation of Federal Rule of Civil Procedure 45(c)(3)(A)(ii). *Roller Bearing Co. of America, Inc. v. Am. Software, Inc.*, 570 F.Supp.2d 376, 389 (D.Conn. 2008) ("A court cannot require a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business to appear before it.").

2. Sony objects to the Subpoena as procedurally defective because it is issued from the incorrect court. Sony is located in the Southern District of California. The Subpoena was issued from the Eastern District of Texas which lacks jurisdiction to compel Sony's compliance with the Subpoena and thus, the Subpoena is void on its face. *Gipson v. Wells Fargo Bank, N.A.*, 239 F.R.D. 280, 281 (D.D.C. 2006) (court lacked jurisdiction to issue subpoena for non-party deponent not located within 100 miles of court); *Smith*, 121 F.R.D. at 245(subpoena served on non-party witness who lived more than 100 miles from where deposition was to be conducted was a legal nullity).

3. Sony objects to the Subpoena as procedurally defective based on CSIRO's failure to tender witness fees with the subpoena in violation of Federal Rules of Civil Procedure 45(b)(1). *In Re Dennis*, 330 F.3d 696, 705 (5th Cir. 2003) (quashing subpoena based on failure to tender reasonably estimated mileage fees); *CF&I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494, 496 (9th Cir. 1983) (upholding quashing of subpoena based on failure to simultaneously tender witness fees with subpoena).



**FOLEY & LARDNER LLP**

Ms. Jessica L. Hannah
January 25, 2010
Page 4

4.    Sony objects to the Subpoena because it violates the December 11, 2009 stipulated motion for extension of time in this mater which provides that, "the parties agree that any discovery, including without limitation, subpoenas, notices of deposition, and written discovery served on the other party or third parties after December 10, 2009, is untimely and need not be responded to by any party."

5.    Sony objects to the Subpoena to the extent that it seeks information protected by the attorney-client privilege, the work-product privilege or any other applicable privilege.

6.    Sony objects to the Subpoena as overly broad and impermissibly vague. *See Mattel Inc. v. Walking Mountain Productions*, 353 F.3d 792, 813 (9th Cir. 2003) (quashing subpoena where "no attempt had been made to try to tailor the information request to the immediate needs of the case.").

7.    Sony objects to the Subpoena as unduly burdensome and on the grounds that compliance with its terms will cause Sony undue expense. Fed. R. Civ. Proc. 45(c)(1) ("A party or attorney . . . must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). Compliance with the subpoena would require a significant expenditure of Sony's funds and time to review the voluminous amount of information included on the CD provided to Sony and to confirm the information set forth in Attachment A. The cost and time associated with such a review would unduly burden Sony.

8.    Sony objects to the Subpoena to the extent that it calls for the review of "all" the documents included on the CD provided to Sony as overly broad, burdensome, oppressive and harassing. Sony is not a party to the above entitled litigation. Much of the information requested from Sony can be obtained more readily from an alternative source (i.e. the documents are publicly available and verifiable).

9.    Sony objects to the Subpoena as unduly burdensome, oppressive and harassing to the extent that it purports to call for the review of documents not within Sony's possession, custody, or control. *See Ariel v. Jones*, 693 F.2d 1058, (11th Cir. 1982) (holding that party had no obligation to produce documents stored in one state based upon the service of one of its agents in another state.); *Powers Integration, Inc. v. Fairchild Semiconductor Int'l Inc.*, 233 F.R.D. 143, 145-46 (D. Del. 2005) (holding that non-party domestic subsidiary had no obligation to obtain documents from its foreign parent corporation in response to subpoena *duces tecum*).

10.   Sony objects to the Subpoena on the grounds that it provides an unreasonably short time to respond, in that the Subpoena purports to direct a deposition on January 28, 2010, only a week after the service of the subpoena.  Fed. R. Civ. Proc. 45(c)(3)(A)(i) (subpoena must be quashed if it "fails to allow a reasonable time to comply."). The Subpoena's deposition topics are very broad and would require Sony

SDCA_1584589.1



**FOLEY & LARDNER LLP**

Ms. Jessica L. Hannah
January 25, 2010
Page 5

to review the voluminous amount of information transmitted to Sony. This process would take longer than the seven days provided for in the Subpoena.

11.   Sony objects to each and every deposition topic to the extent that it calls for and seeks a conclusion of law.

12.   Sony objects to the Subpoena to the extent that it seeks deposition testimony concerning documents which are already in the possession of CSIRO and which CSIRO could therefore, determine the requested information from, at equal or less burden than to Sony. In particular, Sony objects that it would be unduly burdensome to require it to authenticate the screenshots of WebPages in exhibit A because CSIRO could do this on its own. See See *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F.Supp.2d 1146, 1154-55 (C.D. Cal. 2002) (holding that WebPages can be authenticated under FRE 901(b)(4) through a declaration from the individual who visited the website stating that the screenshot put into evidence is a true and correct copy).

13.   Sony objects to the Subpoena to the extent that it purports to impose obligations on Sony beyond those set forth in, or that exceed the scope of discovery permitted under, the Federal Rules of Civil Procedure or any other rules applicable to this action.

14.   Sony objects to the Subpoena to the extent that it seeks deposition testimony concerning topics that do not concern the subject matter of action, and to the extent that it calls for deposition testimony which is irrelevant, immaterial, not reasonably calculated to lead to the discovery of admissible evidence or not germane to any claim or defense in this action.

15.   Sony objects to the Subpoena to the extent it seeks information which is "a trade secret or other confidential research, development, or commercial information." Fed R. Civ. Proc. 45(c)(3)(B)(i).

16.   Sony objects to the Subpoena to the extent it seeks information protected by Sony and other's right of privacy.

17.   Sony objections and responses are made without in any waiving: (i) the right to object on the grounds of competency, relevance, materiality, hearsay or any other proper ground in any subsequent stage or proceeding in this or any other action; (ii) the right to object on any and all grounds, at any time, to any discovery procedure relating to the subject matter of this action, or (iii) the right to assert the protections afforded by the attorney-client privilege, the work-product doctrine, or any other right or privilege.



FOLEY & LARDNER LLP

Ms. Jessica L. Hannah
January 25, 2010
Page 6

In light of CSIRO's dilatory conduct regarding the Notice, and the foregoing objections to the Subpoena, Sony will not attend the deposition scheduled for January 28, 2010.

Best regards,

Aaron M. Muranaka