# Exhibit DD

# Jeff Rambin

| | |
|---|---|
| **From:** | Jessica Hannah |
| **Sent:** | Friday, March 12, 2010 5:03 PM |
| **To:** | 'Bagdasarian, Amy J.' |
| **Cc:** | Heit, Warren S.; Yokoyama, Jennifer; Frederick G. Michaud; Calvin Capshaw; Elizabeth DeRieux; Jeff Rambin; Monica Avery |
| **Subject:** | RE: Marvell v CSIRO 607cv204 |

Hi Amy,

We agreed on the language of the stipulation February, as reflected in the emails below from February 25-26. You said you completed your review of the documents on March 1. Between March 4 and March 10, I received no response from you, though I sent a couple of emails. Now, after more discussion, you have reemerged with significant changes to the language of the stipulation and a new claim that you could not "locate" the documents yourself.

You claim that you can't tell if any of the documents are Sony's business records or not, so the agreement is to "treat" them as such. Yet you chose to make a distinction in the latest version of the stipulation between documents that will be "treated" as business records and those that won't. The simplest and easiest solution at this point is for us to depose Sony.

We are filing the motion. Based on our multiple conferences to resolve this issue, we will represent Marvell as opposed.

Best,

Jessica

---

**From:** Bagdasarian, Amy J. [mailto:abagdasarian@Paloalto.whitecase.com]
**Sent:** Friday, March 12, 2010 3:11 PM
**To:** Jessica Hannah
**Cc:** Heit, Warren S.; Yokoyama, Jennifer; Frederick G. Michaud; Calvin Capshaw; Elizabeth DeRieux; Jeff Rambin; Monica Avery
**Subject:** RE: Marvell v CSIRO 607cv204

Jessica,

As discussed during yesterday's call, we are not Sony and we cannot determine whether the documents referenced in the stipulation are in fact business records and we indicated we would include language in the stipulation that we would "treat" various documents as authentic under FRE 901 or authentic business records under FRE 901 and 803(b). This was based on our own review of the documents and our resulting determination that certain documents would not qualify as business records. It is our understanding that CSIRO retrieved the documents from the Sony websites based on statements previously made. Because we did not locate them ourselves, we find it appropriate to include a statement that indicates where CSIRO obtained them. Being that this is a draft stipulation that the parties continue to negotiate, CSIRO can make modifications as to from where the documents originated as appropriate.

As we mentioned yesterday, if your team disagrees on some of the items discussed (e.g., such as whether or not Web pages are business records), we asked to hear CSIRO's position so we can work things out and come to an agreement on the stipulation.

Regards,

Amy

1

**From:** Jessica Hannah [mailto:jhannah@capshawlaw.com]
**Sent:** Friday, March 12, 2010 10:53 AM
**To:** Bagdasarian, Amy
**Cc:** Heit, Warren S.; Yokoyama, Jennifer; Frederick G. Michaud; Calvin Capshaw; Elizabeth DeRieux; Jeff Rambin; Monica Avery
**Subject:** RE: Marvell v CSIRO 607cv204

Hi Amy,

I have reviewed the stipulation, and I note that there are significant changes, including a few we did not discuss on the call. I am a bit surprised by some of this, as I originally identified the range of documents at issue in this stipulation to Marvell on January 22, 2010 – seven weeks ago. Over the course of those seven weeks, Marvell has represented to me on a number of occasions that it was amenable to stipulating that these documents were authentic business records of Sony. Given this period of time, as well as these representations, I think is was reasonable for me to assume that Marvell was taking this time to independently review the documents at issue, even after Mr. Heit agreed to our proposed stipulation many weeks ago. Yet, the stipulation you sent back to me yesterday suddenly indicates that Marvell is not relying on its own review of the documents, but instead on CSIRO's representation of the contents of the documents.

Moreover, as we did discuss yesterday, Marvell's sudden retraction of the agreement that these documents are business records is not well-taken. These last-minute changes that seem neverending are a mere dilatory tactic by Marvell, and as a result, it is clear that we are unable to come to an agreement on this issue.

Best,

Jessica


**From:** Bagdasarian, Amy J. [mailto:abagdasarian@Paloalto.whitecase.com]
**Sent:** Thursday, March 11, 2010 3:05 PM
**To:** Jessica Hannah
**Cc:** Heit, Warren S.; Yokoyama, Jennifer
**Subject:** RE: Marvell v CSIRO 607cv204

Hi Jessica,

Attached please find the revised version of the stipulation as we discussed during our call earlier today.

Regards,

Amy


**From:** Jessica Hannah [mailto:jhannah@capshawlaw.com]
**Sent:** Thursday, March 11, 2010 11:08 AM
**To:** Bagdasarian, Amy J.
**Subject:** RE: Marvell v CSIRO 607cv204

Hi Amy,

That should work. Thank you for this accommodation.

Best,

2

Jessica

---

**From:** Bagdasarian, Amy J. [mailto:abagdasarian@Paloalto.whitecase.com]
**Sent:** Thursday, March 11, 2010 1:10 PM
**To:** Jessica Hannah
**Subject:** RE: Marvell v CSIRO 607cv204

Hi Jessica,

If we push it up, 11:30 PST/1:30 CST will work for me.  Let me know if you are okay with that time.

Regards,

Amy

---

**From:** Jessica Hannah [mailto:jhannah@capshawlaw.com]
**Sent:** Thursday, March 11, 2010 10:53 AM
**To:** Bagdasarian, Amy J.
**Cc:** Frederick G. Michaud; Calvin Capshaw; Elizabeth DeRieux; Jeff Rambin; Monica Avery; Heit, Warren S.; Yokoyama, Jennifer; Lerner, Julieta
**Subject:** RE: Marvell v CSIRO 607cv204

Hi Amy,

Is there any chance we can push it up about 30 minutes, to 12 pm PST/2pm CST?  Or even just 30 minutes earlier?  I'm shuffling a few things around.  Sorry for the confusion.

Best,

Jessica

---

**From:** Bagdasarian, Amy J. [mailto:abagdasarian@Paloalto.whitecase.com]
**Sent:** Thursday, March 11, 2010 12:23 PM
**To:** Jessica Hannah
**Cc:** Frederick G. Michaud; Calvin Capshaw; Elizabeth DeRieux; Jeff Rambin; Monica Avery; Heit, Warren S.; Yokoyama, Jennifer; Lerner, Julieta
**Subject:** RE: Marvell v CSIRO 607cv204

Hi Jessica,

1 p.m. PST is fine with me.  I will call you then.

Regards,

Amy

3

**From:** Jessica Hannah [mailto:jhannah@capshawlaw.com]
**Sent:** Thursday, March 11, 2010 10:00 AM
**To:** Bagdasarian, Amy J.
**Cc:** Frederick G. Michaud; Calvin Capshaw; Elizabeth DeRieux; Jeff Rambin; Monica Avery; Heit, Warren S.; Yokoyama, Jennifer; Lerner, Julieta
**Subject:** RE: Marvell v CSIRO 607cv204

Hi Amy,

I am available after 12PST/2pm CST.  How's 1 pm PST/3pm CST?

Best,

Jessica


**From:** Bagdasarian, Amy J. [mailto:abagdasarian@Paloalto.whitecase.com]
**Sent:** Thursday, March 11, 2010 11:56 AM
**To:** Jessica Hannah
**Cc:** Frederick G. Michaud; Calvin Capshaw; Elizabeth DeRieux; Jeff Rambin; Monica Avery; Heit, Warren S.; Yokoyama, Jennifer; Lerner, Julieta
**Subject:** RE: Marvell v CSIRO 607cv204

Hi Jessica,

I would like to talk to you regarding the stipulation.  Please let me know what time you are available for a call.

Regards,

Amy


**From:** Jessica Hannah [mailto:jhannah@capshawlaw.com]
**Sent:** Thursday, March 11, 2010 6:53 AM
**To:** Bagdasarian, Amy J.
**Cc:** Frederick G. Michaud; Calvin Capshaw; Elizabeth DeRieux; Jeff Rambin; Monica Avery; Heit, Warren S.; Yokoyama, Jennifer; Lerner, Julieta
**Subject:** RE: Marvell v CSIRO 607cv204

Hi Amy,

Thank you for your response.  You, Julieta, and myself have been corresponding about this stipulation since, at least, January.  It is now March 11, and our pre-trial conference is just six weeks away.  I sincerely hope you are able to get these final issues wrapped up, so we can get this stipulation finalized after months of work on it.

Again, I ask that we have a signature from Marvell on the stipulation by 5pm CST tomorrow, or CSIRO will be filing a Motion asking the Court to resolve this lingering discovery problem created by Sony's refusal to respond to our subpoenas and 30(b)(6) notices.

Best,

Jessica

4

**From:** Bagdasarian, Amy J. [mailto:abagdasarian@Paloalto.whitecase.com]
**Sent:** Wednesday, March 10, 2010 2:17 PM
**To:** Jessica Hannah
**Cc:** Frederick G. Michaud; Calvin Capshaw; Elizabeth DeRieux; Jeff Rambin; Monica Avery; Heit, Warren S.; Yokoyama, Jennifer; Lerner, Julieta
**Subject:** RE: Marvell v CSIRO 607cv204

Jessica,

We are tracking down a couple of final issues relating to the recently added Sony Docs and one or two related issues. This stipulation shall only apply in the the Marvell litigation and will not have any force or effect otherwise. We have revised the stipulation accordingly. We should have this wrapped up within a day or two.

Regards,

Amy

---

**From:** Jessica Hannah [mailto:jhannah@capshawlaw.com]
**Sent:** Wednesday, March 10, 2010 10:27 AM
**To:** Bagdasarian, Amy J.
**Cc:** Frederick G. Michaud; Calvin Capshaw; Elizabeth DeRieux; Jeff Rambin; Monica Avery; Heit, Warren S.; Yokoyama, Jennifer; Lerner, Julieta
**Subject:** RE: Marvell v CSIRO 607cv204

Hi Amy,

Last Thursday—almost a week ago--I sent you an email indicating that CSIRO was willing to exclude documents from the stipulation that Marvell had expressed objections to. In that email, I included a draft stipulation signed on behalf of CSIRO that reflected the changes requested by Marvell. I sent a follow-up email yesterday morning, and I have yet to hear back from you.

As trial is quickly approaching, we need to resolve this issue---it has been lingering for months. CSIRO served the 30(b)(6) notices and subpoenas on Sony in November, and this issue is still outstanding. If Marvell is unable or unwilling to agree to the stipulation by Friday, March 12, CSIRO is prepared to file a Motion requesting Court intervention.

Best,

Jessica

---

**From:** Jessica Hannah
**Sent:** Tuesday, March 09, 2010 10:48 AM
**To:** 'Bagdasarian, Amy J.'
**Cc:** Frederick G. Michaud; Calvin Capshaw; Elizabeth DeRieux; Jeff Rambin; Monica Avery; 'Heit, Warren S.'; Yokoyama, Jennifer; Lerner, Julieta
**Subject:** FW: Marvell v CSIRO 607cv204

Hi Amy,

5

I haven't heard back from you on the email below.  Please let me know if Marvell is amenable to this agreement.

Best,

Jessica

**From:** Jessica Hannah
**Sent:** Thursday, March 04, 2010 4:21 PM
**To:** 'Bagdasarian, Amy J.'
**Cc:** Calvin Capshaw; Elizabeth DeRieux; Jeff Rambin; Frederick G. Michaud; Monica Avery; Heit, Warren S.; Yokoyama, Jennifer; Lerner, Julieta
**Subject:** RE: Marvell v CSIRO 607cv204

Hi Amy,

I have attached a draft stipulation that excludes DS0007770-DS000774, DS0009059, DS0009060, DS0010234,  and DS0012515-DS0012524.  With regards to the last document referenced in your email---the Playstation blog page—I have included the first two pages of the document (DS0012513-DS0012514) in the stipulation.  (This document is attached with Bates Numbers for your review.)  DS0012514 ends with the title to the user comments section, but no user comments actually appear until DS0012515, which is excluded.  I hope Marvell is amenable to this stipulation.  I look forward to hearing back from you.

Best,

Jessica

**From:** Bagdasarian, Amy J. [mailto:abagdasarian@Paloalto.whitecase.com]
**Sent:** Wednesday, March 03, 2010 6:51 PM
**To:** Jessica Hannah
**Cc:** Calvin Capshaw; Elizabeth DeRieux; Jeff Rambin; Frederick G. Michaud; Monica Avery; Heit, Warren S.; Yokoyama, Jennifer; Lerner, Julieta
**Subject:** RE: Marvell v CSIRO 607cv204

Jessica,

We appreciate your further explanations, but we still have issues with the following:

1) DS0007770-DS000774  - the stipulation speaks to this document as being an authentic business record of Sony.  As you stated, this is not a Sony document, so it has no place in the stipulation as written;

2) DS0009059 - even though this document may show a screenshot from the sonystyle.com website, the document itself showing the screenshot does not appear to be a Sony document;

3) DS0009060 - even though this document may show a screenshot from the sonystyle.com website, this document itself showing the screenshot does not appear to be a Sony document;

4) DS0010234 - the video shows somebody interacting with the tutorial at Sony's website.  The Sony website does not go through the tutorial on its own, so this video appears to have been created by somebody other than Sony; and

6

5) Regarding DS0012513 through DS0012524, Marvell is amenable to including a Sony document showing the ad at DC0012513 by itself. Authentication of all of the comments in the pages that follow is not appropriate since they are not created by Sony.

We can move forward with the stipulation if it excludes the above-identified documents and then we can handle these issues separately. Please let us know your thoughts.

Regards,

Amy

---

**From:** Jessica Hannah [mailto:jhannah@capshawlaw.com]
**Sent:** Wednesday, March 03, 2010 4:26 PM
**To:** Bagdasarian, Amy J.
**Cc:** Calvin Capshaw; Elizabeth DeRieux; Jeff Rambin; Frederick G. Michaud; Monica Avery; Heit, Warren S.; Yokoyama, Jennifer; Lerner, Julieta
**Subject:** RE: Marvell v CSIRO 607cv204

Hi Amy,

I just wanted to check in on the Sony Stipulation. Let me know if you've had a chance to review my email below, along with the attachments. Thanks.

Best,

Jessica

---

**From:** Jessica Hannah
**Sent:** Tuesday, March 02, 2010 10:09 AM
**To:** 'Bagdasarian, Amy J.'
**Cc:** Calvin Capshaw; Elizabeth DeRieux; Jeff Rambin; Frederick G. Michaud; Monica Avery; Heit, Warren S.; Yokoyama, Jennifer; Lerner, Julieta
**Subject:** RE: Marvell v CSIRO 607cv204

Hi Amy,

I have reviewed the documents you noted in your email.

1) DS0007770 -DS0007774 - As I pointed out in my email of 2/12/2010 at 10:02 am CST (included in the email chain below), Bates No. DS0007770 -DS0007774 is included in the stipulation. However, this document is not from Sony's website. It is a news article from the Times Online with Sony's officer Mr. Hirai. We would like the statements made by Mr. Hirai authenticated as non-hearsay statements of Sony.
2) DS0009059 & DS0009060 – I have had these re-printed at a better quality. You will see the new versions attached to this email. They are screenshots from the sonystyle.com website, which is a Sony Electronics, Inc. website. You can verify that they are in fact sonystyle.com screenshots, as shown by the URL in the shot.
3) DS0010234 – This video is a tutorial about how to set up a PS3 on a wireless network. It comes from the playstation.com website, which is own/operated by Sony Computer Entertainment America, Inc. You can view it here:

   http://us.playstation.com/support/answer/index.htm?a_id=977

4) DS0012513 - DS0012524 – This is a blog page from the Playstation blog:

http://blog.us.playstation.com/

This blog is also run by Sony Computer Entertainment America, Inc. The first two pages contain the content made, kept, and maintained by Sony. Further the last page of the document indicates ownership.

So with the single exception of the Times Online article, which I had previously brought to Marvell's attention, I believe the remainder of the documents you've noted are In fact Sony business records---many of which are currently available on at least one of the Sony entities' websites. As for the Times Online article, we are concerned only with the statements made by Sony's officer, Mr. Kaz Hirai.

I made a change to reflect your note regarding DS0012498 - DS0012499. Attached is a redline, along with a signed Word version of the draft stipulation. I look forward to hearing back from you.

Best,

Jessica


**From:** Bagdasarian, Amy J. [mailto:abagdasarian@Paloalto.whitecase.com]
**Sent:** Monday, March 01, 2010 3:57 PM
**To:** Jessica Hannah
**Cc:** Calvin Capshaw; Elizabeth DeRieux; Jeff Rambin; Frederick G. Michaud; Monica Avery; Heit, Warren S.; Yokoyama, Jennifer; Lerner, Julieta
**Subject:** RE: Marvell v CSIRO 607cv204


Dear Jessica,

We have reviewed the documents/items identified in the draft stipulation, including those recently produced to us on February 26, 2010, and are concerned that some of the documents/items are not Sony business records. These include the following:

1) DS0007770-DS0007774 (news article);
2) DS0009059 (partial screen shot including somebody's browser; document is illegible);
3) DS0009060 (partial screen shot including somebody's browser; document is illegible);
4) DS0010234 (video that appears to show an interaction of a user with the Sony website obtaining directions to set up a PS3 on a network); and
5) DS0012513 through DS0012524 (blog comments from users; content does not appear to be created by Sony or anyone at Sony's direction).

As a minor comment, the document bearing production number DS0012498 ends at DS0012499 (not at DS0012498 as indicated in the draft stipulation).

Could you please kindly review the above-identified items and get back to us on whether these are in fact Sony business documents?

Regards,

Amy

**From:** Jessica Hannah [mailto:jhannah@capshawlaw.com]
**Sent:** Friday, February 26, 2010 12:14 PM
**To:** Bagdasarian, Amy J.

**Cc:** Calvin Capshaw; Elizabeth DeRieux; Jeff Rambin; Frederick G. Michaud; Monica Avery; Heit, Warren S.; Yokoyama, Jennifer; Lerner, Julieta
**Subject:** RE: Marvell v CSIRO 607cv204

Hi Amy,

In case Jeff's link still doesn't work, here are attachments. The video is a Real Video file. The blog page is attached in pdf. As you will see on the blog page attached as a pdf, I was just informed that the Bates Numbers on the blog page are document are actually DS0012513-12524. I updated the stipulation accordingly. I'm sorry for any inconvenience.

Best,

Jessica

---

**From:** Bagdasarian, Amy J. [mailto:abagdasarian@Paloalto.whitecase.com]
**Sent:** Friday, February 26, 2010 1:11 PM
**To:** Jessica Hannah
**Cc:** Calvin Capshaw; Elizabeth DeRieux; Jeff Rambin; Frederick G. Michaud; Monica Avery; Heit, Warren S.; Yokoyama, Jennifer; Lerner, Julieta
**Subject:** RE: Marvell v CSIRO 607cv204


Jessica,

The link you provided is not working properly for us, so we are unable to view the additional documents, webpage and video. Please provide us with a better way to access these additional items. Once we are able to review these, we will consider your request to add the related Bates Numbers to the agreement covering these items.

Regards,

Amy

---

**From:** Jessica Hannah [mailto:jhannah@capshawlaw.com]
**Sent:** Friday, February 26, 2010 9:54 AM
**To:** Bagdasarian, Amy J.
**Cc:** Calvin Capshaw; Elizabeth DeRieux; Jeff Rambin; Frederick G. Michaud; Monica Avery; Heit, Warren S.; Yokoyama, Jennifer; Lerner, Julieta
**Subject:** RE: Marvell v CSIRO 607cv204

Hi Amy,

Thank you for your response. CSIRO is willing to accept the proposed changes to the stipulation.

In addition, I would ask that we add Bates Numbers DS0012512, DS0012513-12514 to the agreement, as these are additional documents from one of the Sony entities' website that should be produced today. You can view these documents at the link below. DS0012512 will be the second video entitled, "Unsatisfied Girlfriend." DS0012513-12514 will be the entire webpage showing where the video was found.

http://blog.us.playstation.com/2009/08/it-only-does-everything/

9

I am sending a modified draft of the stipulation, with these documents included.  The first document is a redline of the stipulation, and the second is the clean version signed on behalf of CSIRO.  I look forward to your response.

Best,

Jessica

---

**From:** Bagdasarian, Amy J. [mailto:abagdasarian@Paloalto.whitecase.com]
**Sent:** Thursday, February 25, 2010 8:27 PM
**To:** Jessica Hannah
**Cc:** Calvin Capshaw; Elizabeth DeRieux; Jeff Rambin; Frederick G. Michaud; Monica Avery; Heit, Warren S.; Yokoyama, Jennifer; Lerner, Julieta
**Subject:** RE: Marvell v CSIRO 607cv204


Jessica,

Marvell is amenable to entering into the attached stipulation as revised. Marvell's proposed revision reflects the agreement between Warren and Dan. Please let us know if you agree to this.

Regards,

Amy

---

**From:** Jessica Hannah [mailto:jhannah@capshawlaw.com]
**Sent:** Tuesday, February 23, 2010 1:25 PM
**To:** Lerner, Julieta
**Cc:** Calvin Capshaw; Elizabeth DeRieux; Jeff Rambin; Frederick G. Michaud; Monica Avery; Heit, Warren S.; Yokoyama, Jennifer; Bagdasarian, Amy J.
**Subject:** RE: Marvell v CSIRO 607cv204

Dear Julieta,

Thank you for getting back to me.  I am aware of the parties' agreement with respect to stipulating to the authenticity of certain documents on the exhibit lists for trial.

However, I think the documents I've identified in the draft stipulation comprise a distinct issue for at least three reasons.  First, as shown in the attached email from Warren Heit to Dan Furniss, Marvell already agreed to the requested stipulation, subject only to the identification of the documents at issue.  I identified the documents at issue on February 12, 2010---though a larger set of documents was identified back in January.  Second, unlike the parties' agreement regarding all exhibits going forward, the draft stipulation addresses a bulk of documents that as a whole were (and many still are) publicly accessible on a third-party website.  All we are asking for is a stipulation that these documents are authentic business records from Sony.  Finally, the stipulation addresses third-party documents.  These are not documents from a party to the case.  As a result, absent stipulation, CSIRO will be forced to resort to obtaining evidence that these are authentic business records from the third party—a time consuming and costly endeavor, when compared with dealing with documents obtained from a party to the case.  As a result, we cannot agree to wait on a later stipulation as to these documents and I am attaching the draft stipulation and again request a response by the end of the day today.

Best,

Jessica

---

**From:** Lerner, Julieta [mailto:jlerner@paloalto.whitecase.com]
**Sent:** Monday, February 22, 2010 2:49 PM
**To:** Jessica Hannah
**Cc:** Calvin Capshaw; Elizabeth DeRieux; Jeff Rambin; Frederick G. Michaud; Monica Avery; Lord, John E.; Heit, Warren S.; Yokoyama, Jennifer; Bagdasarian, Amy J.
**Subject:** RE: Marvell v CSIRO 607cv204

Hello Jessica,

I have received the draft stipulation regarding the Sony documents.  However, earlier today the parties agreed to work together on stipulating to the authentication of documents to avoid having to do so at trial.  In the interest of efficiency, the Sony documents should be included in the parties' later discussions and meet and confer efforts on authentication issues.

Best,

Julieta


**Julieta L. Lerner**
**White & Case LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto CA 94306
Telephone: + 650-213-0301
Fax:         + 650-213-8158
jlerner@whitecase.com

---

**From:** Jessica Hannah [mailto:jhannah@capshawlaw.com]
**Sent:** Monday, February 22, 2010 9:48 AM
**To:** Lerner, Julieta
**Cc:** Calvin Capshaw; Elizabeth DeRieux; Jeff Rambin; Frederick G. Michaud; Monica Avery; Lord, John E.; Heit, Warren S.
**Subject:** RE: Marvell v CSIRO 607cv204

Hi Julieta,

I sent you a draft stipulation regarding the Sony Documents ten days ago, as well as an email following up last Thursday morning.  Yet, I have yet to hear back from you with even a confirmation that you received the draft stipulation.  Can you please confirm receipt of the draft stipulation by the end of the day today?  I would also request that Marvell communicate a position on the draft stipulation by the end of the day tomorrow.  Please let me know if you will be unable to accommodate these requests.

Best,

Jessica L. Hannah
Attorney
Capshaw DeRieux, L.L.P.
1127 Judson Road, Suite 220
Longview, Texas 75601
Direct:  (903) 233-4823

Facsimile:  (903) 236-8787
http://www.capshawlaw.com


**From:** Jessica Hannah
**Sent:** Thursday, February 18, 2010 8:28 AM
**To:** 'Lerner, Julieta'
**Cc:** Calvin Capshaw; Elizabeth DeRieux
**Subject:** RE: Marvell v CSIRO 607cv204

Hi Julieta,

I just wanted to verify you received the email below, along with the attachment.  If so, please let me know if I can expect a response from Marvell soon.

Best,

Jessica


**From:** Jessica Hannah
**Sent:** Friday, February 12, 2010 10:02 AM
**To:** 'Lerner, Julieta'
**Cc:** Jeff Rambin; Elizabeth DeRieux; Calvin Capshaw; Monica Avery; Lord, John E.; Heit, Warren S.
**Subject:** RE: Marvell v CSIRO 607cv204

Dear Julieta,

I have revised the draft stipulation to reflect a smaller set of documents, in accordance with both parties' effort to limit our exhibit lists.  This version includes less than 1/3 of the originally identified set of documents.

I want to point out that Bates No. DS0007770 -DS0007774 is included in the stipulation.  However, this document is not from Sony's website.  It is a news article from the Times Online with Sony's officer Mr. Hirai.

Please let me know if you have any questions.

Best,

Jessica L. Hannah
Attorney
Capshaw DeRieux, L.L.P.
1127 Judson Road, Suite 220
Longview, Texas 75601
Direct:  (903) 233-4823
Facsimile:  (903) 236-8787
http://www.capshawlaw.com

**From:** Lerner, Julieta [mailto:jlerner@paloalto.whitecase.com]
**Sent:** Thursday, February 04, 2010 6:25 PM
**To:** Jessica Hannah
**Cc:** Jeff Rambin; Elizabeth DeRieux; Calvin Capshaw; Monica Avery; Lord, John E.; Heit, Warren S.
**Subject:** RE: Marvell v CSIRO 607cv204

Dear Jessica,

The stipulation that you provided seeks the authentication of approximately 153 Sony documents (4,202 pages), one video, and one spreadsheet of 112 pages.  As you point out, some of the documents are very large.

Pursuant to the Court's order, in two weeks from now (on February 19th) the parties are required to exchange exhibit lists.  My understanding based on conversations with John Lord is that the parties are striving to make the number of exhibits reasonable (he mentioned in the realm of 400 CSIRO exhibits) because Judge Davis would not be pleased by overly-inclusive exhibit lists.  Given the number of exhibits that CSIRO plans to list for the whole trial, it does not make sense that 153 of these approximately 400 exhibits would be Sony documents.

In the interest of efficiency, Marvell is willing to review and to stipulate the authenticity of Sony documents to the extent appropriate, but only those documents and materials that CSIRO plans to include on its exhibit list on February 19.

Best,

Julieta


**Julieta L. Lerner**
**White & Case LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto CA 94306
Telephone: + 650-213-0301
Fax:        + 650-213-8158
jlerner@whitecase.com

---

**From:** Jessica Hannah [mailto:jhannah@capshawlaw.com]
**Sent:** Thursday, February 04, 2010 12:27 PM
**To:** Lerner, Julieta
**Cc:** Jeff Rambin; Elizabeth DeRieux; Calvin Capshaw; Monica Avery; Heit, Warren S.
**Subject:** RE: Marvell v CSIRO 607cv204

Hi Julieta,

I understand that Marvell has agreed to the stipulation noted in the email below.  The documents at issue correspond with Bates Numbers DS0004858-DS0009060, DS0010234, and DS0010236, as identified in the attached draft stipulation.  Per your voicemail, hopefully you've already had a chance to review these documents, as there are some large documents included (200+ pages).  Please let me know if you have any questions.

Best,

Jessica

**From:** Jessica Hannah
**Sent:** Friday, January 22, 2010 12:05 PM
**To:** 'jlerner@whitecase.com'
**Subject:** Marvell v CSIRO 607cv204

Hi Ms. Lerner,

I just left you a voicemail. I was calling about the subpoenas we served on Sony originally in November. I've been told that Mr. Heit has requested that we identify the documents at issue that are relevant to that subpoena, as CSIRO has requested that Marvell stipulate to the authenticity of these documents. We served the subpoenas on Monday, November 23, 2009, and also on that day, we FedExed a cd with all the attachments to you, which you should have received the next day. The documents contained on this cd are the pertinent documents that we would like a stipulation as to authenticity. There are a number of different documents, including screenshots from Sony's website and financial documents publicly available on Sony's website, among others. Please feel free to call me if you have any questions.

Best,

Jessica L. Hannah
Attorney
Capshaw DeRieux, L.L.P.
1127 Judson Road, Suite 220
Longview, Texas 75601
Direct:  (903) 233-4823
Facsimile:  (903) 236-8787
http://www.capshawlaw.com

--
```
NOTICE:  This communication is confidential and is made for the purpose of obtaining
legal advice or preparing for legal proceedings and is therefore subject to the attorney-
client work product privileges.  If you have received it by mistake, let us know by e-
mail reply and delete it from your system.  You may not copy this message or disclose its
contents to anyone.
```
================================================================================
This email communication (and any attachments) are confidential and are intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning 650-213-0300. Please then delete the email and any copies of it. This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. Thank you
================================================================================
================================================================================
This email communication (and any attachments) are confidential and are intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning 650-213-0300. Please then delete the email and any copies of it. This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. Thank you
================================================================================
================================================================================
This email communication (and any attachments) are confidential and are intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning 650-213-0300.

Please then delete the email and any copies of it. This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. Thank you
================================================================================
================================================================================
This email communication (and any attachments) are confidential and are intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning 650-213-0300. Please then delete the email and any copies of it. This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. Thank you
================================================================================
================================================================================
This email communication (and any attachments) are confidential and are intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning 650-213-0300. Please then delete the email and any copies of it. This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. Thank you
================================================================================
================================================================================
This email communication (and any attachments) are confidential and are intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning 650-213-0300. Please then delete the email and any copies of it. This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. Thank you
================================================================================
================================================================================
This email communication (and any attachments) are confidential and are intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning 650-213-0300. Please then delete the email and any copies of it. This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. Thank you
================================================================================
================================================================================
This email communication (and any attachments) are confidential and are intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning 650-213-0300. Please then delete the email and any copies of it. This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. Thank you
================================================================================
================================================================================
This email communication (and any attachments) are confidential and are intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning 650-213-0300. Please then delete the email and any copies of it. This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. Thank you
================================================================================
================================================================================

This email communication (and any attachments) are confidential and are intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning 650-213-0300. Please then delete the email and any copies of it. This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. Thank you
===========================================================================
===========================================================================
This email communication (and any attachments) are confidential and are intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning 650-213-0300. Please then delete the email and any copies of it. This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. Thank you
===========================================================================
===========================================================================
This email communication (and any attachments) are confidential and are intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning 650-213-0300. Please then delete the email and any copies of it. This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. Thank you
===========================================================================